United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOSE R. HERRERA and MARIE L. HERRERA,

Plaintiffs,

v.

UNION FIDELITY MORTGAGE, INC.; CAL WIDE MORTGAGE; CAL WESTERN RECONVEYANCE CORPORATION; CITIBANK, N.A.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; and EMC MORTGAGE CORPORATION;

Defendants.

Case No. C-11-1497 SC

ORDER GRANTING PLAINTIFFS' MOTION TO REMAND

## I. INTRODUCTION

Before the Court is a motion to remand this action to state court filed by Plaintiffs Jose R. Herrera and Marie L. Herrera ("Plaintiffs"). ECF No. 10 ("Mot."). Former Defendant Aurora Loan Services, LLC ("Aurora") filed an Opposition, which no other Defendants joined. ECF No. 13 ("Opp'n"). For the following reasons, the Court GRANTS Plaintiffs' Motion.

## II. BACKGROUND

On February 17, 2011, Plaintiffs commenced this action in the Superior Court of California for the County of Alameda, bringing

United States District Court
For the Northern District of California

nineteen state law claims relating to the origination and servicing of a mortgage on their Hayward, California home and the subsequent attempts to foreclose upon this home. ECF No. 1 ("Notice of Removal") Ex. A ("Compl."). Named in the Complaint as one of eight defendants was Aurora, although the body of Plaintiffs' Complaint included no specific references to Aurora. Id.

On March 28, 2011, Aurora removed the action to federal court, citing 28 U.S.C. § 1331 as the basis for removal. See Notice of Removal. Specifically, Aurora alleged that Plaintiffs' claims of negligence and violation of section 17200 of California's Business and Professions Code ("section 17200 claim") are partially premised on violations of federal law. Id. In Plaintiffs' pleading of their negligence claim, they allege violation of the Truth-in-Lending Act ("TILA") and 12 C.F.R. § 226.34 ("Regulation Z"); in Plaintiffs' pleading of their section 17200 claim, they allege violations of TILA, the Real Estate Settlement Procedures Act ("RESPA"), and sections 1916.7 and 1921 of the California Civil Code. Compl. ¶¶ 164, 167.

On April 4, 2011, Aurora moved to dismiss the action, alleging that Aurora did not service Plaintiffs' loan and noting that Plaintiffs failed to make any specific allegations against Aurora, let alone mention the name "Aurora," in the body of their Complaint. ECF No. 4. On May 3, 2011, Plaintiffs filed the instant Motion to remand this action to state court; in it, Plaintiffs seek an award of attorneys' fees and costs under 28 U.S.C. § 1447(c). See Mot. On May 13, 2011, Aurora filed its Opposition, which no other Defendant joined. See Opp'n. On May 26, 2011, Plaintiffs voluntarily dismissed Aurora from this action;

United States District Court
For the Northern District of California

the Clerk of the Court subsequently terminated Aurora as a party. ECF No. 14. On June 9, 2011, Defendants Citibank, N.A., et al. filed a motion to dismiss Plaintiffs' action, which is now fully briefed. ECF Nos. 19, 23, 24.

In their Motion, Plaintiffs argue that remand is proper because the Court lacks subject matter jurisdiction over this action. Mot at 1. They contend that neither their negligence nor their section 17200 claim is an artfully pleaded federal claim and that neither claim necessarily requires a determination of a federal question. Id.

## III. LEGAL STANDARD

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). District courts have original jurisdiction over "federal question" cases -- those cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. District courts must remand actions where subject matter jurisdiction is lacking. 28 U.S.C. § 1447(c). As a general rule, the court must strictly construe the removal statute, "and any doubt about the right of removal requires resolution in favor of remand." Moore–Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009) (citation omitted). "The presumption against removal means that the defendant always has the burden of establishing that removal is proper." Id. (internal quotations omitted).

United States District Court
For the Northern District of California

**IV. DISCUSSION**

The Court GRANTS Plaintiffs' Motion. Because Aurora is no longer a party to this action and no other Defendants filed an opposition or joined in Aurora's Motion, Plaintiffs' Motion is effectively unopposed. However, even if another Defendant had joined in Aurora's Opposition, the Court would rule in Plaintiffs' favor.

Plaintiffs bring no federal claims in their Complaint. Aurora argued in its Opposition that Plaintiffs' section 17200 claim is "primarily based on the allegation that the Yield Spread Premium (YSP) Plaintiffs paid on their loan violated the reasonableness of fees standard under RESPA." Id. at 3. Similarly, Aurora argued that Plaintiffs' negligence claim is premised partially on Defendants' violation of TILA and Regulation Z. Id. at 4.

Federal courts have subject matter jurisdiction over a state law claim under 28 U.S.C. § 1331 if it "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally-approved balance of federal and state judicial responsibilities." Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005). Plaintiffs correctly note that while their section 17200 and negligence claims are partially premised on violations of federal law, the Complaint pleads "alternative and independent theories" supporting them. Mot. at 9. Put simply, Plaintiffs could prevail on both claims without addressing a question of federal law. As such, Defendants have failed to establish that any federal question imbedded in Plaintiffs' claims is both necessary and substantial under Grable.

United States District Court
For the Northern District of California

Plaintiffs seek attorneys' fees under 28 U.S.C. § 1447(c), which provides: "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The Supreme Court has held that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005) (citations omitted). "Conversely, when an objectively reasonable basis exists, fees should be denied." Id. The Court finds that Aurora's stated basis for removal was not objectively unreasonable; accordingly, it DENIES Plaintiffs' request for attorneys' fees.

Because the Court lacks subject matter jurisdiction over this action, it does not rule on the motion to dismiss filed by Defendants Citibank N.A., et al.

## V. **CONCLUSION**

For the foregoing reasons, the Court GRANTS the Motion to remand this action filed by Plaintiffs Jose R. Herrera and Marie L. Herrera, and REMANDS this action to Superior Court of California for the County of Alameda. Plaintiffs' request for attorneys' fees is DENIED.

IT IS SO ORDERED.

Dated: August 31, 2011



UNITED STATES DISTRICT JUDGE